UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

11 CIV 7044

DEMBA DOUCOURE, ISSOUF M. KAMARA, and OUMAR MANE, individually and on behalf of all other persons similarly situated,

    Plaintiffs,

–against–

ROCKLAND BAKERY INC., ANGELO BATTAGLIA, ANTHONY BATTAGLIA, IGNAZIO BATTAGLIA, JOE BATTAGLIA, MARIO BATTAGLIA, and SAL BATTAGLIA, jointly and severally,

    Defendants.



## COMPLAINT AND JURY DEMAND

1.    The plaintiffs allege on behalf of themselves and other similarly situated current and former employees of the defendants who elect to opt in to this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., that the plaintiffs and the Collective Action Members are entitled to (i) unpaid wages from the defendants for overtime work for which the defendants did not pay the plaintiffs and the Collective Action Members overtime premium pay, as required by law; (ii) liquidated damages; and (iii) attorney's fees and costs of the action.

2.    The plaintiffs further allege, pursuant to the New York Labor Law, Art. 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), that the plaintiffs are entitled to (i) unpaid wages from the defendants for overtime work for which the plaintiffs were not paid overtime premium pay, as required by law; (ii) liquidated damages; and (iii) attorney's fees and costs of the action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over the plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. The Court has jurisdiction over the plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. The plaintiff Demba Doucoure was, at all relevant times, an adult individual, residing in New York County, New York.

7. The plaintiff Issouf M. Kamara was, at all relevant times, an adult individual, residing in Bronx County, New York.

8. The plaintiff Oumar Mane was, at all relevant times, an adult individual, residing in New York County, New York.

9. Upon information and belief, the defendant Rockland Bakery Inc. is a New York business corporation with its principal place of business in Rockland County, New York.

10. Upon information and belief, the individual defendants are individuals residing in New York.

## COLLECTIVE ACTION ALLEGATIONS

11. Pursuant to 29 U.S.C. § 207, the plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by the defendants at any time since three years prior to the date of this complaint, to the entry of judgment in this

case ("Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one-half times the regular rate of pay for hours worked in excess of forty per workweek ("Collective Action Members").

12.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the defendants, upon information and belief, there are approximately 100 members of the class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

13.     The plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and complex litigation. The plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

14.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

15.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because the defendants have acted on grounds generally applicable to all Collective Action Members. Among the

common questions of law and fact common to the plaintiffs and other Collective Action Members are:

    a. whether the defendants employed the Collective Action Members within the meaning of the FLSA;

    b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    c. whether the defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    d. whether the defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    e. whether the defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    f. whether the defendants should be enjoined from such violations of the FLSA in the future.

## STATEMENT OF FACTS

16. At all relevant times, the defendants operated a business as a manufacturer and distributor of bakery food products.

17. At all relevant times, the individual defendants were the owners of Rockland Bakery Inc.

18. At all relevant times, the individual defendants were individuals who actively participated in the business of Rockland Bakery Inc., exercised substantial control over the

functions of the employees of Rockland Bakery Inc., including the plaintiffs, and acted directly or indirectly in the interest of employers.

19. At all relevant times, the plaintiffs Debma Doucoure and Issouf M. Kamara were employed by the defendants as delivery persons.

20. At all relevant times until June 26, 2010, the plaintiff Oumar Mane was employed by the defendants as delivery persons.

21. The plaintiffs were paid weekly salaries approximately between $640.00 and $840.00 throughout their employment.

22. The plaintiffs and the Collective Action Members worked in excess of 40 hours a week, yet the defendants willfully failed to pay the plaintiffs and the Collective Action Members overtime compensation of one and one-half times the applicable minimum wage.

23. Upon information and belief, while the defendants employed the plaintiffs, the defendants failed to maintain accurate and sufficient time records.

### FIRST CLAIM FOR RELIEF:
### FAIR LABOR STANDARDS ACT

24. The plaintiffs, on behalf of themselves and the Collective Action Members, reallege and incorporate by reference paragraphs 1 through 23 as if they were set forth again herein.

25. At all relevant times, the defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

26. At all relevant times, the defendants employed the plaintiffs and the Collective Action Members within the meaning of the FLSA.

27. Upon information and belief, at all relevant times, the defendant Always Ready & Reliable, Inc., has had gross revenues in excess of $500,000.

28. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to the plaintiff and the Collective Action Members for the plaintiff's and the Collective Action Members' hours worked in excess of forty hours per workweek.

29. As a result of the defendants' willful failure to lawfully compensate the plaintiffs and the Collective Action Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

30. Due to the defendants' FLSA violations, the plaintiffs and the Collective Action Members are entitled to recover from the defendants the plaintiffs' and the Collective Action Members' unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

31. As a result of the defendants' failure to record, report, credit and/or compensate its employees, including the plaintiffs and the Collective Action Members, the defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

32. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

33. The plaintiffs reallege and incorporates by reference paragraphs 1 through 32 as if they were set forth again herein.

34. At all relevant times, the plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

35. The defendants willfully violated the plaintiffs' rights by failing to pay the plaintiffs overtime compensation at a rate not less than one and one-half times the applicable minimum wage for each hour the plaintiffs worked in excess of forty hours per workweek.

36. The defendants' NYLL violations have caused the plaintiffs irreparable harm for which there is no adequate remedy at law.

37. Due to the defendants' NYLL violations, the plaintiff are entitled to recover from the defendants the plaintiffs' unpaid overtime compensation, from six years before the commencement of this action through the present, an equal amount as liquidated damages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL.

## PRAYER FOR RELIEF

Wherefore, the plaintiffs, on behalf of themselves and the Collective Action Members, respectfully request that this Court grant the following relief:

    a. designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b) and appointing the plaintiffs and their counsel to represent the Collective Action Members;

b.  a declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

c.  an injunction against the defendant corporation and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.  an award of unpaid overtime compensation due under the FLSA;

e.  an award of liquidated and/or punitive damages as a result of the defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.  an award of unpaid overtime compensation due under the NYLL;

g.  an award of liquidated and/or punitive damages as a result of the defendants' willful failure to pay overtime compensation pursuant to the NYLL;

h.  an award of prejudgment and postjudgment interest;

i.  an award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.  such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiffs, on behalf of themselves and the Collective Action Members, demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
October 4, 2011

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: /s/ Brandon D. Sherr
Brandon D. Sherr (BS2680)
bsherr@zellerlegal.com
Justin A. Zeller (JZ7094)
jazeller@zellerlegal.com
277 Broadway Ste 408
New York, NY 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246

GOTTLIEB & ASSOCIATES
Jeffrey M. Gottlieb (JG7905)
nyjg@aol.com
Dana Lauren Gottlieb (DG6151)
danalgottlieb@aol.com
150 E 18th St PH R
New York, NY 10003-2461
Telephone: (212) 228-9795
Facsimile: (212) 982-6284

**ATTORNEYS FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT FOR THE
__Southern__ DISTRICT OF __New York__

__Demba Doucoure__,
Individually and on behalf of others similarly situated,

Plaintiff,

v.

__Rockland Bakery Inc. et al.__

_____

Defendant(s).

## NOTICE OF CONSENT TO JOIN

Pursuant to 29 U.S.C. § 216(B), I, __Oumar Mane__, consent to become a party plaintiff in this action.

__Oumar Mane__
Printed Name

__[signature]__
Signature

__10/6/11__
Date

## NOTICE OF CONSENT TO JOIN

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of all named defendants in this action to pay me back wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct.

08-11-11
DATE

Isouf KAMARA
PRINT NAME

Isouf 1. Kan
CLIENT SIGNATURE

## NOTICE OF CONSENT TO JOIN

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of all named defendants in this action to pay me back wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct.

8/11/2011
DATE

_____           _____
PRINT NAME                        CLIENT SIGNATURE